[S. F. No. 7620. In Bank.—November 15, 1915.]

GARRATT-CALLAHAN COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION AND SAFETY ACT—REVIEW OF AWARD OF INDUSTRIAL ACCIDENT COMMISSION—INSUFFICIENCY OF PETITION.—The petition herein for a writ of review directed to the Industrial Accident Commission, for the purpose of reviewing an award to an employee of petitioner for injuries alleged to have been received while performing a service in the course of his employment, fails to show that there was not sufficient evidence to support the finding of the commission that the accident arose out of the employment of the injured party.

ID.—JUDGMENT OF COMMISSION NOT FINAL—INDEFINITE AWARD—PRE-
MATURE APPLICATION TO SUPREME COURT.—The judgment of the
commission ordering the petitioner to " . . . pay to the persons en-
titled to receive the same the reasonable value of medical and surgical
services rendered to the applicant herein within ninety days from
the date of his accident, the claims therefor to be approved by this
commission before payment," is not a final judgment, and can-
not be enforced as it now stands, and therefore the appeal to this
court to review the same is premature.

APPLICATION for a Writ of Review directed to the In-
dustrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Chas. H. Sooy, and H. W. Glensor, for Petitioner.

ANGELLOTTI, C. J.—This is an application for a writ of
review directed to the Industrial Accident Commission for
the purpose of reviewing an award made to Frank Lewis,
on account of injuries alleged to have been received by him
while performing a service growing out of, incidental to, and
in the course of his employment by petitioner.

The principal ground urged for the issuance of the writ is
that the evidence shows that said Lewis did not receive such
injuries while in the course of employment, but that he was
at the time working as an independent contractor. The court
is of the opinion that the petition fails to sufficiently show
that there was not in the evidence sufficient support for the
finding of the commission that the accident arose out of and
happened in the course of the employment of said Lewis by
the petitioner, and that said accident happened while the
injured employee was performing a service growing out of,
incidental to, and in the course of his employment.

Complaint is further made that the following portion of
the judgment of the commission, viz.: "It is further ordered
that said Garratt-Callahan Company pay to the persons enti-
tled to receive the same, the reasonable value of medical and
surgical services rendered to the applicant herein within
ninety days from the date of his accident to cure and relieve
him from the effects of the injury complained of as the basis
of this proceeding, the claims therefor to be approved by this
commission before payment," is void for uncertainty, in that
it cannot be ascertained therefrom what is the reasonable

value of the medical and surgical services mentioned in the award, what amounts are intended to be awarded, *or* the persons to whom the awards are made. As to this contention, it is sufficient to say that no final award is made by the judgment as to said matters, and that the appeal to this court in regard thereto is premature. The portion of the judgment referred to cannot be enforced as it now stands, and before any effective judgment can be rendered as to the matters therein referred to, it is clear that a definite award must be made designating amounts and the person or persons to whom payable. If, hereafter, the industrial commission makes any allowance in regard to these matters, the petitioner will then have an opportunity to apply for a rehearing thereon, and, in the event that his application be denied, for a writ of review.

The application for a writ of *certiorari* is denied.

Shaw, J., Sloss, J., Melvin, J., and Lawlor, J., concurred.