# MARY MAHOWALD v. THOMPSON-STARRETT COMPANY.[1]

## July 14, 1916.

## Nos. 19,886—(245).

**Workmen's Compensation Act applicable.**

1. Upon the record Mahowald, plaintiff's intestate, and his employer were bound by the Workmen's Compensation Act.

**Same — reduction of verdict ordered.**

2. Mahowald, a teamster, while driving his employer's team upon a public street, where he might be expected to drive in the discharge of his duties, was killed by a heavy load of steel beams falling upon him, as it was being hoisted to the eighteenth story of a building in process of erection, such fall being caused by the negligence of defendant, the contractor erecting the building. Defendant was under the Compensation Act. At the trial, and here on appeal, both parties took the position that the undisputed facts made it a question of law whether damages were to be awarded under section 8175, G. S. 1913, or under the Workmen's Compensation Act. It is *held*:

(1) That Mahowald's death was caused by an accident arising out of and in the course of his employment.

(2) The liability of defendant having been established, but the extent thereof being less than the verdict, the court should have reduced the verdict to the amount authorized under the Workmen's Compensation Act.

Action in the district court for Hennepin county by the special administratrix of the estate of Gebhardt Mahowald, deceased, to recover $7,500 for the death of her intestate. The case was tried before Molyneaux, J., who when plaintiff rested granted the motion to dismiss the action as to

[1]Reported in 158 N. W. 913.

---

Note,—As to rights and remedies for personal injuries under the Workmen's Compensation Act where injuries are caused by third person, see note in L.R.A. 1916A, 360.

On workman's compensation acts generally see note in L.R.A. 1916A, 23.
        134 M.—8.

defendant Hickey and denied the motion as to the other defendants, and a jury which returned a verdict against defendant company for $6,500. Defendant company's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was granted. From the order granting its motion for a new trial, plaintiff appealed. Remanded with directions.

*Latham & Pidgeon* and *Warren K. Platner,* for appellant.

*A. A. Tenner* and *Keith, Kingman, Cross & Wallace,* for respondent.

HOLT, J.

Action to recover damages for death by wrongful act. The jury properly found that the negligence of defendant was the proximate cause of the death of the plaintiff's intestate, Gebhardt Mahowald, and that the damages sustained amounted to $6,500. Defendant moved for a new trial, and plaintiff appeals from the order granting the same.

In addition to a denial of legal responsibility for the death of Mahowald the answer averred that he, the Barnard-Cope Manufacturing Company (his employer), and defendant were all under and bound by chapter 467, p. 675, Laws 1913, known as the Workmen's Compensation Act, and that Mahowald's death was caused by an accident arising out of and in the course of his employment, hence plaintiff was not entitled to maintain this action. At the trial neither party requested the court to submit to the jury any question of fact relative to the application of the Workmen's Compensation Act as a defense herein, and no such question was submitted. The defendant, however, at the conclusion of the testimony, and again on the motion for a new trial, insisted that if there was liability it was governed by the act. This view was finally adopted by the court, but is challenged by this appeal.

The facts are these: Mahowald was and for more than a year had been, a teamster for the Barnard-Cope Manufacturing Company, in the general delivery of furniture in the city of Minneapolis, receiving $60 per month as wages. The team he drove belonged to the company. Shortly before three o'clock in the afternoon of August 19, 1914, he left his employer's factory on the east side of the river, in Minneapolis, with a light load of furniture, part of which was to be delivered to the New England, a store at Fifth street and Marquette avenue, and part to the Milwaukee

freight depot. The City Hall is situated on the route between the two places where he had to deliver the load, and he undertook to stop on his way and pay the water tax for his foreman. He did deliver the part which was to go to the New England, and was driving on Fifth street towards Second avenue south, with part of the load still on the wagon. As he came opposite the First & Security National Bank building, then under construction, a heavy load of steel beams weighing over 13 tons broke the hoisting apparatus and fell from the eighteenth story of the building out upon the street where Mahowald was passing, instantly killing him, the team, and another person riding in the wagon.

Plaintiff makes the point that defendant did not prove that Mahowald's employer was under the compensation act. It is too technical and of no merit, being based on the fact that the witnesses as well as the attorneys at times designated the employer as Barnard & Cope, Barnard & Cope Company, and Barnard-Cope Company, instead of using the true name, Barnard-Cope Manufacturing Company. Moreover, the presumption according to section 8205, G. S. 1913, is that both Mahowald and his employer had accepted and were bound by the compensation act.

The facts above recited are undisputed. In the court below, as well as here, both parties took the stand that it is a question of law whether those facts call for an assessment of damages under the compensation act, or under section 8175, G. S. 1913. We shall take the same position in considering the appeal.

The Workmen's Compensation Act was designed to furnish compensation whenever employees suffer injury or death in the course of the employment from accidents arising out of it. It was intended to let those employers and employes, who so have chosen, escape from the harsh consequences which so often result from the application to their status of the common law rule of negligence, contributory negligence, assumption of risk and the negligence of fellow servant. And every person who is entitled to avail himself of the compensation law is presumed to have so done when the relation of emloyer and employee was assumed. As remedial legislation it should not receive a narrow construction, but should be applied fairly and broadly with a view to confer the benefits intended. It may be that in some particular case, remedies afforded by the law outside of this act would be to the servant's advantage. But where

both employer and employee have concluded to be bound by the compensation act, in respect to accidental injuries suffered in the employment, courts should not be too prone to exclude an accident when it does occur from the operation of the compact. It will not do to adopt a rule excluding an accidental injury from the compensation act, if the servant may recover more damages under other provisions of law, and including it only when otherwise no compensation is attainable. Both employer and employee must be treated with the same fairness. Had the death of Mahowald been brought about by some irresponsible party, under circumstances such as here, would the Barnard-Cope Manufacturing Company be compelled to pay his dependents compensation? Clearly it would not, except under the Workmen's Compensation Act. But if the Barnard-Cope Manufacturing Company is liable under the act, then this defendant, also being thereunder, is liable to the same extent, but no further.

That the accident befell Mahowald in the course of his employment admits of no doubt. He was then doing his usual work in a customary manner, driving along a street at a place where properly he might be expected to travel in the discharge of the duties in hand. There was no departure from the master's service up to the accident. The question not so free from doubt is whether the accident arose out of his employment. We think it should be held to have so arisen. Mahowald's duties kept him continuously on the streets of a large city in charge of his employer's team. In that position certain risks are inherent, such as collisions between his team and other vehicles, runaways and the like. The erection of new buildings is constantly going on, hoisting materials for these, as well as hoisting heavy articles in moving, is often done over or adjacent to the traveled portions of the street. These matters, and others, involve risks to a teamster whose attention has also to be given to his team and the road. Had this heavy load of beams crashed to the street just in front of the team, thereby causing a runaway resulting in his death, could it have been said that the accident did not arise out of his employment? We apprehend not. There would seem to be no good reason for drawing a distinction between the supposed case and this. "An injury to come within the compensation act need not be an anticipated one; nor, in general, need it be one peculiar to the particular emloyment in which he (the employee) is engaged at the time." State v. District Court of Ram-

sey County, 129 Minn. 502, 153 N. W. 119, L.R.A. 1916A, 344. The accident which befell Mahowald was a street risk. If his employment as a teamster upon the streets of a large city, where he not only had to look out for his own safety but also for that of his employer's team and rig, necessarily accentuated the street risks to him above those to other occasional travelers, it suffices for the conclusion that this accident arose out of his employment. Although the risk from the accident in question may be said to be external to the employment, yet the employment caused a special degree of exposure to this risk. Chartres, Judicial Interpretations of Workmen's Compensation Law, p. 139. The following authorities may be said to support this conclusion: Pierce v. Provident Clothing & Supply Co. 4 Butterworths' W. C. C. 242; M'Neice v. Singer Sewing Machine Co. 4 Butterworths' W. C. C. 351; Bryant v. Fissell, 84 N. J. Law, 72, 86 Atl. 458; Challis v. London & S. W. Ry. Co. 1905, 2 K. B. 154; Zabriskie v. Erie R. Co. 86 N. J. Law, 266, 92 Atl. 385, L.R.A. 1916A, 315; Anderson & Co. v. Adamson, 6 Butterworths' W. C. C. 874.

Instead of granting a new trial with privilege to plaintiff to proceed under the compensation act, we think the trial court should have reduced the verdict so as to correspond with the amount allowable under that act. There is no need of a new trial. The liability of defendant has been determined. So has the damage to plaintiff. It only remains to ascertain the amount thereof payable under the act.

The cause is remanded with directions to reduce the verdict to the full amount allowable in cases of accidental death under the Workmen's Compensation Act, and enter judgment for such amount against defendant.

On October 6, 1916, the following opinion was filed:

PER CURIAM.

The petition for rehearing asserts that this court misunderstood the position taken by the parties at the trial and on appeal. We think not. The trial court did not submit the defense pleaded that, if the death of plaintiff's intestate was caused by respondent's negligence, recovery was to be under the Workmen's Compensation Act. Hence, if the evidence raised disputed issues of fact upon that defense the court was clearly right in granting a new trial. We, therefore, think that plaintiff, in

order to ask a reversal of the order, must take the position that the record contains no evidence from which a finding could be made that the accident which caused Mahowald's death arose out of and in the course of his employment. The only assignment of error at all debatable on this appeal is based on that proposition. And on the other hand respondent, by the motion to dismiss at the close of the testimony and in the motion for a new trial, specifically requested the court to rule, as a matter of law, that the death of Mahowald was caused by an accident arising out of and in the course of his employment. The trial court in granting a new trial so held. This ruling was approved in the opinion filed herein. Upon a further consideration of the question, in the light of appellant's petition for a rehearing, a majority of the court adhere to the view that the evidence is conclusive that plaintiff's right to recover is under the Workmen's Compensation Act.

The clerk taxed costs and disbursements against respondent from which it appeals. The taxation is affirmed. The decision in this court avoided the expense of a new trial to appellant and to that extent there was a substantial modification of the order. There is no basis for the claim that unnecessary parts of the record were printed.

Petition for rehearing denied.