KUNZE *v.* DETROIT SHADE TREE CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COURSE OF
    EMPLOYMENT.

\ Where claimant's husband was employed by the week as
    a foreman tree trimmer and planter, and in the course of
    his employment it was his duty to go from job to job
    about the city of Detroit, and while presumably about to
    take a street car to proceed on his way from one job of
    inspection to another, he was struck by an automobile
    and fatally injured, his death was due to an accident
    arising out of and in the course of his employment, en-
    titling claimant to an award under the workmen's com-
    pensation act (Act No. 10, Extra Session 1912; 2 Comp.
    Laws 1915, § 5423 *et seq.*).[1]

Certiorari to Industrial Accident Board. Submitted
June 15, 1916.  (Docket No. 124.)   Decided July 21,
1916.

Augusta Kunze presented her claim against the De-
troit Shade Tree Company for compensation for the
death of her husband in defendant's employ.  From
an order awarding compensation, defendant brings
certiorari.  Affirmed.

*Thomas M. Cotter,* for appellant.

*E. D. Alexander,* for appellee.

KUHN, J.  This case is brought here by certiorari
to review an award made by the State Industrial Acci-
dent Board.

---

[1] As to application and effect of workmen's compensation acts,
generally, see comprehensive note in L. R. A. 1916A, 23.

Frederick Kunze, whose widow is the claimant herein, was employed by the Detroit Shade Tree Company, the defendant, as a tree trimmer and planter. Having been with the defendant company for about two years, on July 18, 1914, he was employed as a foreman, and in the course of this employment it was his duty to go from job to job about the city. On the day aforementioned, he had inspected a job on Virginia Park, a street in the city of Detroit, and, having completed this inspection at about 9 o'clock in the morning, he left the work in charge of another employee and started east on Virginia Park to the intersection of Woodward avenue, where it is to be reasonably inferred from the evidence he was about to take a car to inspect another job north of Virginia Park at the corner of Josephine avenue and Woodward avenue; and it also appears that there was another job for inspection at the corner of Mt. Vernon and John R. streets, which was also north of Virginia Park. While at the intersection of Virginia Park and Woodward avenue, he was knocked down by an automobile, seriously injured, and died the following day.

It is the contention of the appellant that there is no evidence in the record that the deceased was at the time of his death engaged in any business for his employer. Mr. Alfred Gibson, the president of the defendant company, was sworn and testified as to the character of the employment. It appears from his testimony that the deceased was employed by the week, and he stated that in the summer time,

"He went around trimming trees, doing tree surgery work, taking down trees, and so on, with other men in my employ that he had charge of."

He also testified that, at the time of his injury, the deceased had on his person a list of places to go, one after the other, and stated that he had finished his

work on Virginia Park. We think it is clear from the record that the employment of the deceased was to go from place to place to trim trees, and that in the discharge of these duties it was not only necessary for him to supervise the work, but it was necessary, in the course of his employment, to proceed from one job to the other, adopting such means of locomotion as he might desire.

It is strongly urged by counsel for appellant that the death of the deceased was not due to any accident "arising out of and in the course of his employment," and that there was no causal connection between the employment and the injury, and in support of this contention the recent decision of this court in *Hopkins* v. *Sugar Co.,* 184 Mich. 87 (150 N. W. 325, L. R. A. 1916A, 310), is relied upon. In the opinion in that case, Mr. Justice STEERE, speaking for the court, quoted from the rule announced by the Massachusetts court, in which it was stated:

"If the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workman would have been equally exposed, apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence." *McNicol's Case,* 215 Mass. 497 (102 N. E. 697).

Being clearly of the opinion that the record war-

rants the conclusion that at the time of the injury the deceased was within the ambit of his employment, we also think that it is a justifiable conclusion that the accident can be fairly traced to his employment as a contributing and proximate cause. It is true that in going from one place to another, as was his duty, he naturally was compelled to assume risks not in anywise connected with the trimming, planting, and treating of shade trees. But his employment extended further than this and necessarily obliged him, in the discharge of his duties, to go from place to place, and in so doing to assume the risks of traffic upon the streets. Where employees are compelled during the course of their employment to travel about the streets, it does not seem to us to be unreasonable to say that the danger of being struck by street cars, automobiles, and traffic of every description should be taken account of. We think it must be said that the very nature of the occupation of the deceased itself exposed him to the unusual risk and danger of an accident of this nature, and believe that the instant case is readily, distinguishable from *Hopkins* v. *Sugar Co., supra,* where this court said that:

"No direct causal relation is claimed in the particular that the nature of the business of manufacturing sugar in itself exposes its employees to unusual risk or danger of accident of this nature."

It appears that in that case the deceased at the time of the accident had finished his duties of the day and had returned safely to his home city, Saginaw, and was injured because of slipping on the ice while passing on foot along a highway. In this case the deceased received his injury during the hours of employment while actively engaged in performing work for his master, in accordance with duties imposed upon him

by his employment.   See *Beaudry* v. *Watkins*, 191 Mich. 445 (158 N. W. 16).

We are of the opinion that the order and award of the Industrial Accident Board should be and is hereby affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.