## AAGE F. HANSEN v. NORTHWESTERN FUEL COMPANY.[1]

### November 7, 1919.

### No. 21,433.

**Workmen's Compensation Act — accident in course of employment — motion to dismiss common law action.**

1. The plaintiff was in the employ of a laundry company. He and the laundry company and the defendant were under the compensation act. While carrying a pack of laundry on his back from a hotel to the laundry, he was injured at the noon hour by an auto truck of the defendant. He should have taken this laundry in the morning when out on his route with his wagon but he forgot it. He brought this action against the defendant on its common law liability. Under the compensation act an employee may bring a common law action against the third party and recover to the extent which he would receive from his employer under the compensation act, and if he proceeds against his employer under the compensation act his employer is subrogated to his cause of action against the third party to the extent the employer has paid under the compensation act. At the close of the testimony the defendant moved that the case be dismissed as a common law action and that the court award or deny compensation in accordance with the compensation act, and the court, being of the opinion that as a matter of law the injury to the plaintiff arose out of and in the course of his employment, granted the motion.

**Same.**

2. The injury to the plaintiff came from a street risk and as a matter of law arose out of his employment.

[1]Reported in 174 N. W. 726.

**Same.**

> 3. The injury to the plaintiff as a matter of law arose in the course of his employment.

**Effect of granting defendant's motion.**

> 4. By the granting of the motion of the defendant to dismiss the case as a common law action and to proceed as under the compensation act the defendant's liability to respond to the extent to which the laundry company was liable was determined, and there remained nothing to do except to fix compensation.

Action in the district court for Ramsey county to recover $5,000 for personal injuries. The case was tried before Hanft, J., who at the close of the testimony granted the motion of defendant to dismiss the case as a common law action and that the court either grant or deny compensation under the Workmen's Compensation Act. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Douglas, Kennedy & Kennedy,* for appellant.

*John R. Ware,* for respondent.

DIBELL, J.

Action to recover damages for personal injuries. The case was dismissed, as a common law action, and retained for an award of compensation according to the terms of the compensation act. The plaintiff appeals from an order denying his motion for a new trial.

1. The plaintiff was in the employ of the Standard Laundry Company in St. Paul. He was run over by a truck of the defendant company. All three, the plaintiff, the defendant and the laundry company, were under the compensation act.

The plaintiff brought this action to recover on the defendant's common law liability. The answer alleged that all three were under the compensation act, and the fact was so.

The evidence established a prima facie case of common law liability. The court was of the opinion that the plaintiff, as a matter of law, was within the compensation act, and that plaintiff's injury arose out of and in the course of his employment, within G. S. 1913, § 8195, and upon the motion of the defendant dismissed the action as a common law action and

retained it for an award of the compensation fixed by the Workmen's Compensation Act.

The plaintiff was a laundry driver. He had a down town route. He used a horse and wagon, gathering laundry from the different hotels in the morning and returning it in the evening. He usually commenced work about six, stabled his horse at noon in a barn near the laundry, and commenced work again at 1:30 in the afternoon. On the day of his injury he worked in the forenoon and stabled his horse at the usual time. After lunch he was about town when he remembered that he had not collected laundry from the Brinsmead hotel as he should have done. It should have been taken at 11 and should have been at the laundry at 12. It was to be returned at five. He immediately went to the hotel, which was but a short distance away, took the bag of laundry on his back, and started for the laundry some six blocks distant. On the way he was injured by the auto truck.

2. The court was right in holding, as a matter of law, that the injury to the plaintiff arose out of his employment. It was a street risk to which his work subjected him. This should be understood to be settled law in this state as it is generally in other states. Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 158 N. W. 913, 159 N. W. 565, and cases cited; Kunze v. Detroit Shade Tree Co. 192 Mich. 435, 158 N. W. 851, L.R.A. 1917A, 252; Burton Auto Transfer Co. v. Industrial Accident Com. (Cal. App.) 174 Pac. 72; Keaney's Case, 232 Mass. 532, 122 N. E. 739; Globe Ind. Co. v. Industrial Acc. Com. 36 Cal. App. 280, 171 Pac. 1088; Consumers' Co. v. Ceislik (Ind. App.) 121 N. E. 832; Bachman v. Waterman (Ind. App.) 121 N. E. 8. It is now the definitely settled law in England. Dennis v. A. J. White & Co. [1917] A. C. 479; Arkell v. Gudgeon, 118 L. T. R. 258.

3. The injury arose in the course of the employment of the plaintiff. It is true that he was not using his delivery wagon and that it was not customary to carry laundry as he was doing at the time, but he was working in furtherance of his employer's interest. The laundry was received by the laundry company after the accident and laundered. He did not step aside from his work for some purpose of his own but was actually furthering the business of the company. It had never told him to do or not to do as he did. Such an occasion had not arisen. It is clear that if

an injury had not intervened there would have been no thought of criticism. It would be too severe a rule that would permit a finding, if the proceeding were against the laundry company under the compensation act, that the plaintiff was not in the course of his employment. The result here should be the same. The holding that, as a matter of law, the injury arose out of the employment was right. The cases on principle, and some with somewhat resembling facts, support the rule. Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 158 N. W. 913; State v. District Court of Hennepin County, 141 Minn. 61, 169 N. W. 274; State v. District Court, 143 Minn. 144, 172 N. W. 897; Grieb v. Hammerle, 222 N. Y. 382, 118 N. E. 805; Mueller Const. Co. v. Industrial Board, 283 Ill. 148, 118 N. E. 1028, L.R.A. 1918F, 891, Ann. Cas. 1918E, 868; Kunze v. Detroit Shade Tree Co. 192 Mich. 435, 158 N. W. 851, L.R.A. 1917A, 252; Robinson v. State (Conn.) 104 Atl. 491; Frint Motor Car Co. v. Industrial Com. 168 Wis. 436, 170 N. W. 285; Dennis v. A. J. White & Co. [1917] A. C. 479; Arkell v. Gudgeon [1917] A. C. 479, 118 L. T. R. 258.

4. The compensation act provides that the person injured may proceed under the compensation act against his employer, or against a third party by a common law action for negligence. To recover against the third party he must prove his common law cause of action. If he recovers in a common law action he can have no greater amount than that fixed by the compensation act. If he takes under the compensation act his employer is subrogated to his common law action against the third party and his recovery is limited to the amount payable under the compensation act. G. S. 1913, § 8229. The statute gives no right to proceed against the third party under the compensation act.

At the close of all the testimony the defendant moved that the case be dismissed as a common law action and that the court either grant or deny compensation under the Workmen's Compensation Act. The motion was granted. The defendant invited an award of compensation. It cannot contest the question of its liability to the extent to which the laundry company was liable. There is nothing now to do but fix compensation. See Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 158 N. W. 913, 159 N. W. 565.

The order is affirmed and the case remanded with directions to the court to entertain such further proceedings as may be appropriate.

Order affirmed.