PRENTISS M. WOODMAN v. BLUE GRASS LAND COMPANY and Others.[1]

May 11, 1906.

Nos. 14,710—(93).

**Judgment—Subsequent Action for Deceit.**

A final judgment in a former action to recover the earnest money paid, pursuant to a contract for the purchase of land, is not a bar to a subsequent action between the same parties to recover damages in deceit for fraudulently inducing the plaintiff to enter into that contract and for subsequent fraudulent representations in connection with its title.

Action in the district court for Hennepin county to recover $15,000 for alleged false and fraudulent representations upon the part of defendants whereby plaintiff was led to enter into a contract to purchase certain land, to his injury. A motion to dismiss as to all defendants save Blue Grass Land Company was granted. The case was tried before Simpson, J., who directed a verdict in favor of defendant company. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*P. M. Woodman,* pro se.

*Harold Harris,* for respondents.

JAGGARD, J.

The complaint of plaintiff and appellant sets forth allegations of damage by fraudulent representations made by defendants and respondents to the plaintiff, inducing him to enter into the contract and concerning the title to certain lands situated in Wisconsin, in reliance on which plaintiff was induced to contract to purchase the same and to act in reference to the title, to his damage. Upon trial the action was dismissed as to all the defendants except the Blue Grass Land Company. Testimony was introduced relative to the recovery of damages. It does not appear what that testimony was, nor that any motion was made upon it questioning its sufficiency to sustain the allegations of damage in the complaint. We will not presume that it was insufficient.

[1] Reported in 107 N. W. 1052.

Accordingly, for purposes of this appeal, the plaintiff made out a prima facie case.

The principal defense, and the only one before us for review, is the question of res adjudicata. The plaintiff in this case had brought an action against the defendant in this case in a nisi prius court in Wisconsin before this action was commenced. The parties to the two proceedings were the same. Both actions concerned the same land and the same contract. The issues in the two cases appear, upon this particular record, as actually presented to us, to have been substantially different. The present proceeding was brought to recover $15,000 damages for deceit. The complaint in the Wisconsin case set forth two causes of action—the first for the recovery of $1,000 earnest money, and the second for damages in tort. Before the trial the second cause of action was waived. Judgment was rendered for the defendant against the plaintiff upon his claim for the return of the earnest money. For present purposes, that judgment will be regarded as final. See Woodman v. Blue Grass, 125 Wis. 489, 104 N. W. 920.

A final judgment in a former action to recover earnest money paid pursuant to a contract for the purchase of land is not a bar to a subsequent action between the same parties for damages in deceit for fraudulently inducing the plaintiff to enter into it and for subsequent fraudulent representations in connection with its title. The mere statement of the two causes of action shows that they are essentially unlike in character and form, in the evidence required to support each, respectively, and in the measure and extent of damages recoverable. The authorities agree that such a subsequent action is not barred by judgment in the former. Van Fleet, Res Adj. 383, § 150; Wanzer v. De Baum, 1 E. D. Smith (N. Y.) 261.

Order reversed.

On June 15, 1906, the following order was filed:

PER CURIAM.

The motion for reargument in this case by the defendant is in part based on the proposition that "the only fraud complained of by the plaintiff is based upon the allegations in the complaint respecting the title to the lands therein described; the effect and gist of all being that

defendant fraudulently represented to the plaintiff that it had a marketable title to such lands, and that plaintiff relied upon such representations, and that the same were false, because the title was not marketable." Upon this appeal, in the language of plaintiff's brief, "the only defense under review here is a former judgment in a Wisconsin action as a bar or res adjudicata." This court accordingly did not consider or determine whether or not, by reason of the nature of the contract itself, there could be no fraud or deceit on account of the representations as to the title. Not only was the point not argued, but essential parts of the record with respect to it were left out of the printed book. Accordingly the question was not considered or determined, and is still an open one.

The motion for reargument is denied.