PRENTISS M. WOODMAN v. BLUE GRASS LAND COMPANY.[1]

July 12, 1907.

Nos. 15,175—(159).

**Fraud—Sale of Land.**

Defendants contracted to convey certain lands to plaintiff. On discovery of alleged defects in the title, most of which were technical in character and unfounded in law, plaintiff repudiated the contract and brought this action, which is construed to have sounded in tort, to seek the recovery of damages for fraud. It is *held* that the trial court properly directed a verdict for defendants.

Action in the district court for Hennepin county for $15,000. At the first trial a motion to dismiss as to all defendants save the Blue Grass Land Company was granted, and a verdict in favor of that company was directed. From an order denying a motion for a new trial, plaintiff appealed to this court and the order was reversed (98 Minn. 87). The second trial was before Brooks, J., who directed the jury to return a verdict for defendant. From an order denying a motion for a new trial plaintiff appealed. Affirmed.

*C. J. Traxler* and *P. M. Woodman,* for appellant.

*Harold Harris* and *Kerr & Fowler,* for respondents.

JAGGARD, J.

Plaintiff and defendant entered into a written contract for the sale by defendant to plaintiff of nine thousand acres of land in Wisconsin. Plaintiff paid down $1,000 as earnest money. Defendant furnished an abstract of title. Plaintiff raised a number of objections to the title,

1 Reported in 112 N. W. 1033.

part of which appeared in the record, and part of which concerned matters which did not appear in the record. Plaintiff repudiated the contract before the expiration of the time within which it might have been performed. Thereupon he began an action in Wisconsin to recover the earnest money. In Woodman v. Blue Grass Land Co., 125 Wis. 489, 103 N. W. 236, the supreme court of that state sustained a judgment for the defendant. In 125 Wis. 489, 104 N. W. 920, upon reargument, the Wisconsin supreme court adhered to its original conclusion. Plaintiff also brought an action concerning this transaction in this state. The court directed a verdict for defendant. On appeal, in Woodman v. Blue Grass Land Co., 98 Minn. 87, 107 N. W. 1052, this court determined the only question presented by the record, and held that the judgment in Wisconsin was not a bar to an action in damages for fraud. The complaint was there construed to have sought recovery of damages for fraudulent misrepresentations with respect to defendant's title to such lands. The question whether plaintiff had made out a cause of action in fraud was not presented, considered, or determined. The order of the trial court was reversed. After the remittitur had been sent down, plaintiff renewed his motion for a new trial. The present appeal is taken from the denial of that motion.

Notwithstanding the brief and argument in this court by plaintiff as counsel pro se, we think that the cause of action set forth in the complaint sounded in tort. In the language of plaintiff's own brief, submitted at this hearing, "the primary private right of plaintiff was to receive from defendant full and exact truth concerning the title, without deception or concealment; and that the corresponding duty of defendant was to disclose that truth, that the wrong done by defendant consisted in misrepresenting the existing facts and concealing the same, and thereby inducing plaintiff to act to his damage." The particular fraud, which can be spelled out, though with difficulty and uncertainty, from plaintiff's pleadings and the course of trial, construed in the most favorable manner possible to him, consisted in providing plaintiff with an abstract which the plaintiff insisted showed that the defendant had a bad title, whereas in fact it had a good title. We are of opinion that the trial court properly held that plaintiff failed to show actionable wrong on defendant's part. No fraud was proved in its procurement or delivery of the abstract itself. Defendant represented that it had a marketable title. According to the Wisconsin decision, the abstract

itself showed marketable title as to at least eight thousand acres.   More-
over, upon being advised of plaintiff's objections to the title, which
were in large part technical, defendant was ready and willing, and ap-
parently able, to correct the alleged defects, and so informed plaintiff.
It abandoned its efforts so to do only upon the final repudiation of the
contract by plaintiff.   No suppression of truth or expression of false-
hood was shown.

Order affirmed.