## STATE EX REL. CITY OF BRECKENRIDGE v. DISTRICT COURT OF WILKIN COUNTY.[1]

### February 16, 1917.

### Nos. 20,275—(313).

**Judgment — when not a bar to second action.**

1. A judgment recovered by defendant on demurrer to the complaint because the plaintiff mistook his remedy does not reach the merits of the case and is not a bar to a new action founded upon the proper remedy.

**Same — res judicata — remedy under Workmen's Compensation Act.**

2. An action at law for damages for the wrongful death of plaintiff's intestate, founded upon the alleged negligence of defendant, between whom and deceased the relation of master and servant existed, in which judgment for defendant was ordered and entered on a demurrer to the complaint, for the reason that plaintiff's remedy was under the workmen's compensation statute, does not involve the same issues as are presented in a proceeding under that statute, and the judgment rendered in such action is not *res judicata*, or a bar to the compensation proceeding.

Upon the relation of the city of Breckenridge the supreme court granted its writ of *certiorari* to review the action of the district court for Wilkin county, Flaherty, J., in setting aside a judgment upon the pleadings entered in that court in an action by Mamie Bovie, as administratrix of the estate of Delbert John Bovie, deceased, against relator, under the provisions of the Workmen's Compensation Act, and granting plaintiff relief therein. Affirmed.

*George D. Smith,* for relator.
*John I. Davis* and *Davis & Michel,* for respondent.

BROWN, C. J.

Delbert J. Bovie was in the employ of the city of Breckenridge and

[1] Reported in 161 N. W. 388.

while engaged in the discharge of his duties on the twenty-first day of May, 1914, received certain accidental injuries which caused his death. His widow was subsequently appointed administratrix of his estate and in January, 1915, she brought a common law action against the city to recover for his death, alleging in her complaint that the same was caused by the negligence of the city. The city interposed a general demurrer to the complaint which was sustained by the trial court upon the ground, expressly stated in a memorandum attached to the order, that plaintiff's exclusive remedy was under the workmen's compensation statute. Judgment was subsequently entered in favor of defendant for the costs of the action, and the same at all times since has remained in full force and effect. Thereafter the administratrix commenced an action or proceeding under the compensation statute, to recover the compensation provided for in such cases, and the city interposed in defense, among other things, the judgment in the former action as *res judicata* and a bar to the new action. There was no reply to the answer and because thereof an order was made directing judgment for the city, and judgment was so entered on February 16, 1916. Thereafter, on March 7, 1916, a motion for relief from this default, for an order vacating the judgment and permitting a reply to be filed, was duly presented to the court and after hearing counsel was granted, as we understand the record, but no written order to that effect was made. A reply was filed on March 20. The proceeding was subsequently noticed for trial at the December, 1916, general term, and when called in its order on the calendar attention was called to the fact that no written order had been made vacating the judgment or permitting a reply to be filed, and the matter was heard informally by the court, resulting in a *nunc pro tunc* order vacating the judgment, and directing that the reply, "filed * * * on the 20th day of March, 1916, in pursuance to the order of the court, * * * authorizing and permitting the filing of" the same, stand and remain as the reply to the answer in said proceeding. Thereupon relator sued out a writ of *certiorari* to review that order.

The questions presented do not require extended discussion. While it seems clear that there was no abuse of discretion on the part of the court in relieving plaintiff of her failure seasonably to reply to defendant's answer, yet, if the new matter set forth in the answer does not in

point of law constitute a defense to the action, there must be an affirmance without regard to that question. The question whether the answer states a defense depends upon the force and effect to be given the judgment in the former common law action. The answer contains no other matter which would require a reply. Relator contends, and herein lies the whole issue, that the former judgment is *res judicata,* and a complete bar to proceedings under the workmen's compensation statute. As we answer this contention adversely to relator, and as our conclusion thereon renders a consideration of all other questions unnecessary, we pass them without further remark.

While the learned trial court, upon sustaining the demurrer to the complaint in the former action, might well have adopted the course indicated as proper in Mahowald v. Thompson-Starrett Co. 133 Minn. 113, 158 N. W. 913, and retained the case for hearing under the compensation statute, we are clear that the judgment therein should not be held a bar to the compensation proceedings. The Mahowald case apparently was not called to the attention of the trial court. The common law action and a proceeding under part 2 of the compensation statute are essentially different in many important respects, though each has a common object, namely, compensation for the injury or death complained of. The action at law is founded upon negligence, a showing of which is necessary to a right of recovery. The action proceeds in its course through the courts in harmony with established procedure, including the right of trial by jury. The compensation proceeding is controlled in a general way by the procedure prescribed by the statute creating the remedy; the hearing or trial before the court is summary, without a jury, and the element of negligence is not a necessary issue therein. The amount which may be recovered in the common law action, for an injury to the person, is limited to reasonable compensation, and recovery may be had for pain and suffering occasioned by the injury; the recovery under the compensation statute is limited to the amount and during the period of time therein specifically stated, and there is no compensation for pain and suffering. The judgment in the common law action is final and conclusive as to amount, but the compensation judgment may be modified under particular circumstances.

Section 8222, G. S. 1913. In the action at law all persons whose wrongful act contributes to cause the injury may be jointly sued, and full relief had against each; under the compensation statute the employer alone can ne made a party defendant, and by subrogation he succeeds upon payment of the compensation judgment to the rights of the injured party against the third person who may have contributed to the injury. Sections 8229, 8230, G. S. 1913. These and many other elements of the compensation proceeding differentiate it from the action at law in substantial respects and render the rule of *res judicata* inapplicable. And, moreover, the case comes within the general rule, stated in 2 Van Fleet, Former Adjudication, p. 877, that a recovery by defendant because plaintiff mistook his remedy does not touch the merits, and is not, therefore, a bar to a new action. Brackett v. Hoitt, 20 N. H. 257. That plaintiff mistook her remedy in bringing the former action is clear, and the error on her part in that respect was the ground upon which the trial court predicated its decision in that case. The demurrer to the complaint therein was sustained upon the ground that plaintiff's remedy was under the compensation statute. The judgment is not *res judicata*. Swanson v. Great Northern Ry. Co. 73 Minn. 103, 75 N. W. 1033.

It is probable that, if the complaint in a particular case should state all the facts which would entitle plaintiff to relief under the compensation act, a judgment for defendant therein would bar a subsequent compensation proceeding, though in the other action common law relief only was demanded. But such is not this case. The former complaint did not state all the facts necessary to a recovery under the compensation statute. In this view of the case a reply to the answer was unnecessary, for the plea of former judgment did not constitute a defense to the present proceeding, and the proceeding must go to trial, even though the court below may have erred in permitting the reply to be filed.

The suggestion of defendant's counsel that the former action was attempted to be brought under part 1 of the compensation statute is not sound. The allegation of the complaint that the employment of decedent by defendant was casual was inserted therein to take the case out of the statute.

Order affirmed.