## FRED KATZENMEIER v. JOHN DOEREN.[1]

### December 23, 1921.

### No. 22,368.

**Workmen's Compensation Act — when judgment is not a bar to action.**

1. A judgment in favor of a defendant in a workmen's compensation proceeding cannot be pleaded in bar to an action predicated on the alleged negligence of defendant which was not a material issue in the former.

**When judgment does not create an estoppel.**

2. Neither could the judgment be pleaded as an estoppel, because none of the findings on which it was rendered determined the questions of defendant's negligence or plaintiff's contributory negligence.

Action in the district court for Ramsey county to recover $10,000 for injuries received in falling upon an icy sidewalk. From an order, Dickson, J., sustaining plaintiff's demurrer to the third defense set forth

[1]Reported in 185 N. W. 938.

in the answer on the ground that upon its face the defense did not state facts sufficient to constitute a defense, defendant appealed.   Affirmed.

*Moore, Oppenheimer, Peterson & Dickson,* for appellant.

*Emil W. Helmes,* for respondent.

HOLT, J.

From an order sustaining a demurrer to a defense made in the answer, defendant appeals.

The action is to recover damages for an injury claimed to have been sustained on February 2, 1914, when plaintiff fell on a cement walk leading from a public street into defendant's factory in St. Paul, where plaintiff was employed.   It is alleged that defendant carelessly and negligently permitted the walk to become covered by large and dangerous formations of ice upon which plaintiff slipped.   There is also an allegation that when plaintiff slipped and fell he walked upon defendant's premises as part of his services for him.

The defense in the answer, to which the demurrer was sustained, is, in effect, that plaintiff, in July, 1914, commenced an action in the district court of Ramsey county to recover compensation for the same injury now in suit, and that defendant therein answered that the injury was not caused by an accident arising out of and in the course of plaintiff's employment with defendant, which said action was tried and the court made findings of fact and ordered judgment.   The findings are set out in full, and it is alleged that pursuant thereto judgment was entered that plaintiff take nothing.   The defendant pleads the judgment as a bar and as an estoppel.

It is plain that the judgment was rendered in a compensation proceeding.   Where the parties in an ordinary action for damages are within the Workmen's Compensation Act, and, upon the trial, facts are found which show that plaintiff is not entitled to damages, but is clearly entitled to compensation from a defendant employer, the court may give that relief.   Such was the case of Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 158 N. W. 913, 159 N. W. 565.   But the reverse does not hold true.   Negligence is the foundation for a recovery in the

ordinary action for damages. It is of no consequence in a workmen's compensation proceeding. In the latter there are matters which become decisive for or against a recovery, but which may not be of much significance in the ordinary personal injury action. This finding in the former proceeding was decisive against plaintiff therein: "That on the morning of February 2, 1914, and at the time of the fall, plaintiff had not performed any services or work for defendant, nor had his services as such workman or employe begun." The finding has no bearing on the question of defendant's alleged negligence in this action.

The ultimate fact of negligence, upon which a recovery in this action must rest, being not at all important in the compensation proceeding, it is clear that the judgment in the latter can be neither res judicata nor a bar here. West v. Hennessey, 58 Minn. 133, 59 N. W. 984; Woodman v. Blue Grass Land Co. 98 Minn. 87, 107 N. W. 1052; State v. District Court of Wilkin County, 136 Minn. 151, 161 N. W. 388, 13 A.L.R. 1097. In the last cited case the subject is fully discussed and it is held that a judgment in a negligence action is not a bar to the maintenance of a workmen's compensation proceeding for the same injury.

Nor is any finding pleaded available as an estoppel in this action. The only finding at all hinted at an issue of negligence is one to the effect that, when plaintiff fell, a servant of defendant was clearing the snow from the walk, but had not reached the point where plaintiff fell. This, as well as the findings that plaintiff did not prove that he fell on the ice, that he did not prove that he did not fall because of his physical infirmities, and that he did not prove that he did not fall because of the general conditions due to the snowfall, clearly do not create an estoppel here.

The court did not err in sustaining the demurrer.

The order is affirmed.