## ALMA KREIDLER v. MAHNOMEN ELECTRIC LIGHT AND POWER SERVICE COMPANY.[1]

December 15, 1922.

No. 23,139.

**Workmen's Compensation Act—jurisdiction of court not lost by failure to file complaint.**

1. Where proceedings to recover under the Workmen's Compensation Act are commenced in the form of an ordinary civil action, and the summons and complaint therein are personally served upon the defendant, the employer, within the time prescribed by Laws 1915, c. 209, § 8, the failure to file the complaint as there required is a nonprejudicial irregularity and not fatal to the jurisdiction of the court.

**Order of court proper.**

2. Upon overruling a demurrer to the complaint in an action so commenced, the court properly directed that it proceed as one under the compensation statute.

[1]Reported in —— N. W. ——.

Burden on complainant asking award above minimum.
>    3. To justify an award to a dependent widow or children under the terms of chapter 416, Laws 1919, of any amount in excess of the minimum there allowed, the claimant has the burden to supply by competent evidence the basis for the measurement or ascertainment thereof as fixed and limited by that statute.

When award may not exceed minimum.
>    4. Where the evidence fails to show that decedent received a monthly or weekly wage in excess of the minimum fixed by the statute, the dependents are entitled to and the court may award the full amount of the minimum so allowed, but not in excess thereof.

Upon the relation of Mahnomen Electric Light & Power Service Company the supreme court granted its writ of certiorari directed to the district court for Mahnomen county and the Honoroble Andrew Grindeland, one of the judges thereof, to review proceedings in that court under the Workmen's Compensation Act brought by the widow of Lawrence Kreidler, as employe, against relator, as employer. Modified and affirmed.

*John F. Boyles, Edwin H. Chapman* and *L. K. Eaton*, for relator.

*L. A. Door* and *O. O. Cooper*, for respondent.

BROWN, C. J.

Certiorari to review the judgment of the court below rendered in proceedings under the Workmen's Compensation Act.

Decedent, the husband of plaintiff, and an employe of defendant, suffered an injury in his employment causing his death. The action was commenced to recover the compensation given by the workmen's act, on the theory and claim that decedent was an employe of defendant at the time, both being within the statute. The issues presented by the pleadings were: (1) Whether the action was commenced within the time limited by the act; (2) whether at the time of the injury and death of decedent he was an employe of defendant, within the meaning of the statute, or an independent contractor; and (3) the amount of compensation to be awarded.

The accident occurred on June 23, 1919. The action was commenced on June 7, 1920, by the service of a summons and complaint

upon defendant. The complaint was not filed as required by G. S. 1913, § 8225, within the year prescribed by Laws 1915, c. 209, § 8. However, with the summons it was actually served upon defendant within the year. Defendant appeared and interposed a demurrer to the complaint, the point raised being that since the complaint had not been so filed the right to compensation was barred and the action must fail. The court overruled the demurrer, and, treating the action as one at law, ordered that it proceed as one for compensation under the statute. Defendant then answered and among other defenses pleaded the statute of limitations.

1. The procedure by plaintiff in the commencement of the action was irregular and not in conformity with the provisions of the compensation act in the respect stated. But the failure to file the complaint as there required was, since it was personally served on defendant within the year, an irregularity not prejudicial to defendant nor fatal to the jurisdiction of the court. The court had jurisdiction of the subject matter, and the important element in the exercise thereof, as in all judicial proceedings, was jurisdiction of the defendant. That was acquired by the service of the summons and complaint within the year, and the appearance by defendant in response thereto. In that situation, though the action was irregularly brought, jurisdiction over defendant having been seasonably acquired, the court properly, on overruling the demurrer, ordered it to proceed as one for compensation under the statute. Mahowald v. Thompson-Starrett Co. 134 Minn. 113, 158 N. W. 913, 159 N. W. 565; State v. District Court of Wilkin County, 136 Minn. 151, 161 N. W. 388; Hansen v. Northwestern Fuel Co. 144 Minn. 105, 174 N. W. 726; Katzenmeier v. Doeren, 150 Minn. 521, 185 N. W. 938.

2. The court found the following facts: That the parties at the time were within and subject to the compensation act. That on and prior to June 23, 1919, decedent had been intermittently employed by defendant under a general contract of employment based upon an agreed compensation of 80 cents per hour when actually at work for defendant. That at the time stated and while engaged in his employment for defendant decedent sustained a fatal injury from an electrical shock, arising out of and in connection with his work,

resulting in his immediate death. He left surviving his widow, who was wholly dependent upon him for support. The court further found that decedent was receiving for his services at the rate of 80 cents per hour, which measured his weekly or monthly wage.

The findings are supported by the evidence, and disclose the relation of employer and employe at the time in question, and not as contended by defendant the relationship of independent contractor. While it is true that decedent was not steadily in the service of defendant, there was the general contract of employment under which, when called upon, decedent performed such work and service as was assigned to him, and at the compensation of 80 cents per hour while so engaged. But that situation is far from conclusive that the work so performed was in contract or job lots. No particular length of service is necessary to create or establish the relation of employer and employe. And although in the case at bar decedent was in the actual service of defendant on the particular occasion only a short time, less than a day, he was nevertheless an employe doing the work assigned him; not creating a casual or temporary situation within the meaning of the compensation act.

3. The compensation to be awarded is not entirely free from doubt. That provided by chapter 416, p. 485, Laws 1919, is here applicable, and in the ordinary case is 40 per centum of the monthly wage of decedent, where the widow is the sole dependent. But decedent was not paid a monthly wage, and the record presents no evidence that he ever continued a month or even a week in the service of defendant at any one time. It does appear that, when not actually in the service of defendant, decedent worked for others in his capacity as an electrician; that when not otherwise engaged he sold electrical supplies, and had an interest in a moving picture show. But the record is silent as to the quantum of other business or the income therefrom, so that his monthly earnings do not appear, and the exact pecuniary loss suffered by plaintiff by his death cannot be ascertained.

The design and purpose of the compensation statute is to secure to the dependent widow or children in such cases a percentage award based upon their pecuniary loss, and the wages received by their

decedent at the time of his death represents that loss. State v. District Court of Sibley County, 128 Minn. 486, 151 N. W. 182. The burden is upon those claiming relief to supply by competent evidence a legal basis for the award to be made. The right to compensation to the extent of the minimum allowed by the statute is sufficiently shown in any case by evidence of the wage earning employment of decedent, the accident causing the injury and death, occurring in the line of his work, and the dependency of the widow or children as the case may be. If more than the minimum allowance be claimed, plaintiff in the suit must present evidence from which the compensation given by the statute may be computed. In the absence of such evidence the minimum allowance only may be given. The statute provides that, in death cases where the employe receives less than $6.50 per week, the dependent widow shall be entitled to the full amount thereof. Chapter 416, subd. 17, p. 487, Laws 1919. The only actual showing in this case is that decedent received less than $6.50 per week; that is, the evidence will not justify a finding that anything in excess thereof was earned by him, and that amount then, under the statute, is here the measure of the widow's allowance. That situation could of course be obviated by the evidence.

This disposes of the case and all points requiring special attention. The judgment under review will be modified by limiting the award to $6.50 per week for and during the period covered by the statute. In all other respects the judgment is affirmed.

It is so ordered.