JOHN J. WALSH v. THE FLOUR CITY ORNAMENTAL IRON COMPANY.[1]

December 21, 1923.

No. 23,562.

Dismissal of action.

1. The trial court rightly ordered the dismissal of an action, on the showing made, the clerk having mistakenly entered a memorandum indicating that the case was stricken from the calendar, when in fact it was dismissed by the court on the motion of the defendant.

Order, nunc pro tunc, improper.

2. Such order, under the circumstances of this case, should not have been entered nunc pro tunc, when the effect of such entry would prevent the plaintiff or the beneficiary of the action from obtaining a reinstatement of the action, so that he might proceed with it as a compensation proceeding, or substantially embarrass him in so doing, the time for instituting a proceeding under the compensation act having expired.

Action in the district court for Hennepin county by the father and natural guardian of James Harold Walsh, a minor, to recover for personal injuries received while plaintiff's minor son was in defendant's employ. The case came on for trial before Molyneaux, J., and appears to have been stricken on January 19, 1922. Thereafter the minor moved for permission to file a complaint in intervention under the Workmen's Compensation Act. The matter was heard by Bardwell, J., who on March 14, 1923, granted defendant's motion to dismiss the action and to enter the dismissal upon the record as of January 19, 1922. From the order dismissing the action, plaintiffs appealed. Modified.

*Devaney & Edwards* and *Carsten L. Jacobson*, for appellants.

*Koon, Whelan & Hempstead* and *Charles H. Davis*, for respondent.

[1]Reported in 196 N. W. 486.

DIBELL, J.

1. On July 16, 1920, James Harold Walsh, a minor, was injured while in the employ of the defendant. In November, 1920, an action for a large amount was brought by his father, as his natural guardian, to recover for such injuries. The case was reached for trial on January 19, 1922. There was on that date entered on the record card of the case in ink the words: "Stricken from the calendar by order of the court." So far as appears from the court records nothing further was done for a year. The record stood with the notation as indicated.

On March 1, 1923, the defendant moved for an order dismissing the case, and directing the clerk to enter upon the records of the court as of January 19, 1922, an order dismissing the action. The motion was granted on March 14, 1923, the action was dismissed and the clerk was directed to enter the dismissal as of January 19, 1922. From the order of March 14, 1923, this appeal is taken by the plaintiff and by the minor.

While there is some conflict in the affidavits used upon the hearing of the motion, the evidence is ample if not compelling that, on January 19, 1922, counsel for the defendant was in court with his witnesses, that the plaintiff did not appear, and that the court on the motion of the defendant dismissed the action. In granting the motion here involved the court in effect so found, and no criticism is to be made on the finding. It was the one to be expected. There was no judgment of dismissal entered on January 19, 1922, nor at any time. No bar resulted from what was then or at any time done.

2. The minor desires the setting aside of the dismissal, the reinstatement of the action, and leave to proceed with it as a compensation proceeding. He has petitioned for practically such relief. It is recognized practice to permit an action commenced as a common law one to continue as a compensation proceeding when it appears that it should so proceed. Kreidler v. Mahnomen Elec. L. & P. S. Co. 154 Minn. 23, 191 N. W. 277, and cases cited. This will be permitted to avoid the limitation of the compensation act. The privilege of continuing it so, if it is a privilege rather than a right, has perhaps never been denied. Whether the minor could be

relieved, after a year under G. S. 1913, § 7786, which permits relief within one year after notice, against a judgment entered nunc pro tunc as of January 19, 1922, and the action be reinstated, is in the view of a majority of the court so doubtful that judgment should not have been entered nunc pro tunc. The motion for such an entry likely had in view the prevention of a proceeding under the compensation act. All are agreed that under the facts shown in the record the minor should be allowed to present his application for a vacation of the dismissal, a reinstatement of the action, and for leave to continue it as a proceeding for the recovery of compensation, unhampered by a claim of the one year bar fixed by G. S. 1913, § 7786. The construction of the compensation act is always liberal in favor of an employe.

The order of March 14, 1923, is modified by striking out the portion directing the entry as of date January 19, 1922.

Order modified.