LORNA NORTON v. NORTON POTATO COMPANY
AND ANOTHER.

176 N. W. (2d) 874.

April 24, 1970—No. 42022.

*Nelson, Mack & Moosbrugger* and *Jerome J. Mack,* for relator.

*Garrity, Cahill, Gunhus, Streed & Grinnell* and *Gunder Gunhus,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission denying death benefits to petitioner, Lorna Norton, widow of Lon Norton, upon a determination that her claim is barred by the statute of limitations, Minn. St. 176.151(2).

The procedural facts are undisputed. On October 9, 1965, Lon Norton, president of the Norton Potato Company, a family-owned corporation, was involved in an automobile accident, sustaining injuries which resulted in his death on November 9, 1965. A written report of the accident stating "[k]illed in two-car accident while under scope of employment" was filed by the employer with the commission on December 28, 1965. On the same date, the employer's insurer, Hartford Accident and Indemnity Company, filed with the commission a notice of denial of liability, alleging that the accident did not arise out of and in the course of employment. On April 20, 1966, petitioner's attorney mailed an "original" claim petition [1] to Hartford at its office in Minneapolis. An answer to this petition alleging various defenses was served on petitioner's attorneys and filed by the insurer with the commission on May 12, 1966. Receipt of the answer was promptly acknowledged by the commission by a letter dated May 23, 1966, addressed to the attorneys representing the petitioner and the insurer. This letter further advised that "[t]he Commission [had] not received the claim petitions for filing or service" and the "statute, rules and forms of the Commission provide for filing of claim petitions with sufficient copies for service by the Commission on all interested parties." Additional letters calling attention to the lack of response to the May 23 letter were written to petitioner's attorney by the commission on August 23, 1966, and February 16, 1967. It was not until February 7, 1968, over 2 years after the commission received

---

[1] Although on the form prescribed by the commission, this petition contained no allegation of survivorship and gave the appearance of being signed by decedent for benefits for injury rather than by a dependent seeking death benefits.

"written notice of death," that the claim petition was filed with the commission. At the hearing before the referee, the insurer, as asserted in its answer to the 1968 petition, raised the statute of limitations as a bar to petitioner's claim. Although the referee found petitioner otherwise entitled to compensation benefits, he determined that the claim was barred by the statute of limitations. The commission, upon review of the referee's decision, unanimously affirmed. Petitioner seeks review.

As comprehensively outlined in the memorandum of the referee and the opinion of the commission, Minn. St. 176.151 fixes 6 years from the date of the accident or death as the time limit within which an action or proceeding for compensation benefits must be initiated, with the right of the employer-insurer to reduce that period to 2 years by filing a "written report of the injury" or a "written notice of death," as the case may be, with the commission. Minn. St. 176.271 establishes that "all proceedings * * * are initiated by the filing of a written petition on a prescribed form with the commission at its principal office." Printed instructions on the prescribed form of claim petition, as well as the administrative rules of the commission supplementing these statutory provisions, are in all respects consistent with them.

From the undisputed procedural facts, it is manifest that the petitioner's action was not commenced within 2 years from December 28, 1965, and is therefore barred unless, as she argues, a proceeding was initiated when the insurer filed an answer to the "original" claim petition with the commission. Although our prior cases make clear that an insurer can initiate a proceeding by paying benefits to an employee or dependent, Nyberg v. Little Falls Black Granite Co. 192 Minn. 404, 256 N. W. 732; Rasmussen v. City of St. Paul, 215 Minn. 458, 10 N. W. (2d) 419, such did not happen in this case. Accordingly, we agree with the commission that there is no provision in the statutes or any rule of the commission upon which to base a finding that any proceeding was initiated within the time required by § 176.151 or a finding that the petitioner was misled into waiting beyond the 2-year statutory period upon any express or implied promise by the insurer of a waiver of the statute of limitations. Contrary to petitioner's argument, the problem is not one involving a question of interpretation of the statutory provisions— which we acknowledge must be liberally construed in favor of the petitioner—but rather the application of a clear and unambiguous statutory mandate, susceptible of no judicial construction, to undisputed facts. Nor do we regard Kreidler v. Mahnomen Elec. Light & Power Serv. Co. 154 Minn. 23, 191 N. W. 277, as helpful to petitioner,

since that decision turned on the construction of statutes existing prior to 1921 when workmen's compensation cases were under the jurisdiction of the district court.

Regrettably, this record of neglect and failure to comply with the statutory requirements compelled the conclusion reached by the commission.

Affirmed.