## LOU ANN SCHMIDT LAUER v. TRI-MONT COOPERATIVE CREAMERY AND ANOTHER.

178 N. W. (2d) 248.

May 29, 1970—No. 41270.

*Gerald B. Forrette,* for relator.

*Jardine, Logan & O'Brien, Donald M. Jardine,* and *Thomas W. Spence,* for respondents.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and James F. Murphy, JJ.

SHERAN, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Commission.

On December 18, 1957, at approximately 5 p. m., Emil Schmidt, an employee of Tri-Mont Cooperative Creamery, Trimont, Minnesota, came to his death. The cause: Coronary occlusion. Neither the creamery nor its workmen's compensation insurer, Mutual Creamery Insurance Company, filed a report of the death with the commission.

On December 13, 1963, Emil Schmidt's widow, Hazel Schmidt, executed a petition addressed to the Industrial Commission of the State of Minnesota (now the Workmen's Compensation Commission) seeking benefits under the Workmen's Compensation Act on the theory that the death was related to the decedent's employment. This petition was filed in the office of the commission at St. Paul, Minnesota, on December 16, 1963. Erroneously, the insurer named in the petition was Wabash Fire and Casualty Company, a corporation separate and distinct from Mutual Creamery Insurance Company (hereinafter Mutual Creamery).

Although Minn. St. 1967, § 176.305, subd. 2, required that a copy of such a petition filed with the commission shall be served upon each adverse party within 10 days thereafter by the secretary of the commission (together with a notice of hearing), there was a failure to comply with this requirement in these respects:

(a) Service of the petition upon Tri-Mont Cooperative Creamery failed because its corporate existence had terminated

October 23, 1961, (Minn. St. 300.59) as a consequence of voluntary dissolution proceedings pursuant to Minn. St. 308.14.

(b) Service of the petition upon Mutual Creamery was not accomplished until January 13, 1964, due to delays resulting, in part, from the erroneous identification of the insurer in the petition originally filed and, in part, to the intervening death of the widow and the need to substitute a child of decedent as petitioner.

The commission has determined that the death of Emil Schmidt arose out of and during the course of his employment by Tri-Mont Cooperative Creamery, but that the claim for benefits is precluded by § 176.151 which provides in part:

"The time within which the following acts shall be performed shall be limited to the following periods, respectively:

\* \* \* \* \*

"(2) Actions or proceedings by dependents to determine or recover compensation, \* \* \* not to exceed six years from the date of injury \* \* \*."

If the petition filed with the commission on December 16, 1963, constituted an action or proceeding to determine or recover compensation notwithstanding the fact that the corporate employer was no longer in existence and the workmen's compensation insurer which had insured this risk was not properly identified in the petition, the relevant time limitation appearing in § 176.151(2) does not bar these proceedings. Otherwise, we believe the decision of the commission must be affirmed.

There is no opinion of the Minnesota Supreme Court dealing directly with this question. The problem is one of determining the intent of the legislature as disclosed by the language used in § 176.151, considered in light of the objectives and purposes of the Workmen's Compensation Act; the procedures established by this act for the presentation of claims on behalf of employees and their dependents; the purpose of the time-limitation provi-

sions appearing in the statute; and the effect of our decision on the parties involved.

## DECISION

■ The objective of the Workmen's Compensation Act is to afford to employees and their dependents relief from hardships occcasioned by an employment-related event which results in the disability or death of a wage earner. The certainty of benefits, the act presupposes, is to be preferred to the remedies afforded servants against their masters at common law. § 176.031.

The act contemplates that, generally speaking, employers will assure fulfillment of their obligations under the Workmen's Compensation Act by securing workmen's compensation insurance with a carrier authorized to do business by the appropriate agency of the State of Minnesota. A written order from the commission is required if an employer is to be relieved of the obligation to insure. § 176.181. By the terms of the act and the ministrations of the Department of Commerce (formerly the Compensation Insurance Board) and the Compensation Rating Bureau, the state undertakes to make certain that authorized insurance carriers will be responsible for valid claims for compensation made by an injured employee or dependents. Yoselowitz v. Peoples Bakery, Inc. 201 Minn. 600, 277 N. W. 221. See, also, §§ 79.01 to 79.32.

Minn. St. 176.185, subd. 3, provides:

"Where the employer's risk is carried by an insurer the insurance policy shall provide compensation for injury or death in accordance with the full benefits conferred by this chapter."

Minn. St. 176.185, subd. 4, provides:

"Every insurance policy which insures the payment of compensation shall contain provisions declaring the following:

"(1)    Notice to or knowledge by the employer is notice to or knowledge by the insurer.

"(2)    Jurisdiction of the employer for any purpose is jurisdiction of the insurer.

"(3) The insurer is bound by an award rendered against the employer.

* * * * *

"(5) The insolvency or bankruptcy of the employer does not relieve the insurer from its obligation to pay compensation."

The existence of insurance covering workmen's compensation claims is considered so much in the public interest that if policies are cancelled by the insurer, the commission, pursuant to § 176.185, subd. 1, is directed to notify the insured that he must obtain coverage from some other licensed carrier or request the Compensation Rating Bureau to designate some company to issue a policy as provided in § 79.25. The Workmen's Compensation Commission is authorized to participate in license revocation proceedings against insurers who have failed to respond to their obligations under policies issued in conformity with the Workmen's Compensation Act. § 176.195.

These statutes, considered together, evince a legislative intent that insurers should fulfill the compensation obligations incurred by an insured employer during the effective period of a policy in the absence of some substantial reason as distinguished from some technical imperfection in procedure.

The fact that the employer insured by Mutual Creamery had been dissolved before these proceedings were instituted is immaterial in so far as the insurer is concerned. A similar problem was considered in Metropolitan Cas. Ins. Co. v. Industrial Comm. 260 Wis. 298, 308, 50 N. W. (2d) 399, 404, where the Wisconsin Supreme Court, speaking through Mr. Chief Justice Currie, said:

"The * * * contention made by appellant is that any cause of action against Metropolitan (the insurer) was abated three years after the effective date of the dissolution of the employer corporation * * *.

"* * * When applicant sustained a compensable injury the employer became obligated to pay in accordance with the * * * Workmen's Compensation Act. The employer's obligation was

the equivalent of a debt, and the dissolution of the corporation did not extinguish such debt. The insurance carrier by writing a compensation policy agreed to assume the liability of the employer under the Compensation Act. Since the liability of the employer continued, but merely became unenforceable by compensation proceedings, the dissolution of the corporation did not relieve the insurance company from its undertaking any more than would the death of an individual employer.

\* \* \* \* \*

"\* \* \* [I]n a case where there is liability by the employer as of the instant that the accident occurs, there is liability on the part of the insurance carrier and such latter liability continues even though the injured employee may be unable thereafter to enforce his claim for workmen's compensation against the employer because of the latter ceasing to exist."

See, 100 C. J. S., Workmen's Compensation, § 436a.

◼ The fact that the workmen's compensation insurer must respond to an obligation of the employer incurred when coverage was in force even though the employer is nonexistent when the claim for compensation is made, does not, of course, relieve the employee or his dependents from the § 176.151 requirement that the "proceedings \* \* \* to determine or recover compensation" be "performed" within a period "not to exceed six years from the date of the injury." The purpose of this limitation is to bar the belated assertion of stale claims.

Actions or proceedings are "performed" within the meaning of § 176.151 when such proceedings are commenced as required by the Workmen's Compensation Act. See, Lunzer v. W. F. Buth & Co. 195 Minn. 29, 261 N. W. 477. In our judgment, such proceedings are commenced when a petition is filed with the commission by a person authorized under the act to do so if the petition specifies with reasonable certainty the time and place of the employment-related event causing injury or death; the name of the employee involved in the accident; and the identity

of the employer in whose employment the event giving rise to the compensation claim occurred.

There is no specific provision of the Workmen's Compensation Act to which this statement of the essential requisites of a petition can be traced. However, Minn. St. 176.271 provides:

"Unless otherwise provided by this chapter or by the commission, all proceedings before the workmen's compensation commission are initiated by the filing of a written petition on a prescribed form with the commission at its principal office."

■ It is significant that the Workmen's Compensation Act does not require that the written petition be served on either the employer or the insurer prior to the time it is filed with the commission at its principal office. On the contrary, the duty of serving a copy of the petition "[w]ithin ten days after a petition has been filed * * * upon each adverse party" together with notice of the time and place of hearing on such petition was assigned to "the secretary of the commission" under Minn. St. 1967, § 176.305, subd. 2. (L. 1969, c. 9, § 45, amended § 176.305, subd. 2, and transferred to the commission the duty to serve the copies of the petition and the notice.) It was the secretary's obligation to make service "by mail or by such other means as the commission directs." Minn. St. 176.285. The failure or inability of the secretary of the commission to serve adverse parties should not, we feel, be considered any part of the necessary action to be taken by an employee or his dependents to avoid the bar of the time limitations embodied in § 176.151. When the employee or his dependents make a formal assertion of claim by filing a petition for compensation, the purpose of the time limitation has been satisfied.

It can be assumed that in the ordinary case the commission, through its employees, will effect service of petitions and other notices promptly, as the law requires. Should it fail to do so in an unusual case such as this one, corrective action can be taken in behalf of employers and insurers adversely affected which

will improve the procedures in future cases without jeopardizing the basic rights of employees and dependents which the Workmen's Compensation Act was designed to protect.

We recognize that a determination of the claim of the employee or his dependents cannot be made until after a hearing of which the employer and insurer have been given reasonable notice and opportunity to be heard. Juster Bros. Inc. v. Christgau, 214 Minn. 108, 7 N. W. (2d) 501. But this is a problem of due process of law unrelated to the question of legislative intent in the enactment of § 176.151. It can be assumed that when a petition for workmen's compensation is filed disclosing the name of the employee involved, the name of his employer, and the time and place of the work-related accident or event, the commission, charged by statute with the responsibility of mailing a copy of the petition and notice of hearing to the affected employer and the insurer involved, will be able to do so within a reasonable time. If a corporate employer has ceased to exist, it cannot be afforded notice and opportunity to be heard. But this is not the fault of the employee and should not prejudice him or his dependents when the employer's exposure was insured.

It is true that the failure of the petitioner to correctly state the name of the workmen's compensation insurer in the petition for compensation may delay the commission in performing its statutory obligation to give notice of the proceedings to the appropriate insurer, and it is reasonable for the commission to require the petitioner to identify that insurer when this information is available to the employee. But where, as we believe the case to be here, accurate information as to the identity of a workmen's compensation insurer of a given employer for any particular period of time is a matter readily ascertainable by reference to records available to the commission and its personnel, we do not feel that the failure to identify such insurer or the improper designation of the insurer should render the petition a nullity.

It is our conclusion, therefore, that the petition filed in this case was timely. The fact that the corporate employer had dis-

230

solved before the petition was filed is immaterial. Mutual Creamery was obligated to respond to the petition after it was given notice and opportunity to do so. There being no showing that the delay between the date the petition was filed and the time when Mutual Creamery received notice of that fact constituted a constitutional deprivation of due process of law, the Workmen's Compensation Commission was empowered to proceed and resolve the fact issues in this case as it has done.

■ Employer's insurer also disputes the finding of the commission to the effect that the death here involved was employment-related. The inadequacy of evidence to support the finding of the commission has not been demonstrated. See, Dudovitz v. Shopper's City, Inc. 282 Minn. 322, 164 N. W. (2d) 873. Cf. Norton v. Norton Potato Co. 287 Minn. 525, 176 N. W. (2d) 874.

The decision of the Workmen's Compensation Commission holding the claim barred by § 176.151 is reversed. Its determination that the death arose out of and during the course of the employment is affirmed. Attorney's fees in the amount of $250 are allowed to relator's counsel. The matter is remanded for further proceedings.

Reversed in part and remanded.