Carol VOGEL, Appellant,

v.

Don HOCHHALTER, d/b/a Viking Inn, Respondent.

No. C0–93–2119.

Court of Appeals of Minnesota.

May 17, 1994.

Review Denied July 27, 1994.

James E. Malters, Worthington, for appellant.

Philip J. Danen, Rolf E. Sonnesyn, Minneapolis, for respondent.

Considered and decided by DAVIS, P.J., and SHORT and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Carol Vogel appeals the district court's summary judgment determination that her exclusive remedy for a work-related injury is under Minnesota's Workers' Compensation Act. We affirm.

## FACTS

Appellant Carol Vogel was employed by respondent Don Hochhalter d/b/a Viking Inn when she injured her ankle while pushing a laundry cart. At the time of the injury, Hochhalter was not covered by workers' compensation insurance. He had previously requested and applied for a workers' compensation policy through his insurance agent. Due to the agent's negligence, however, the workers' compensation coverage was not in force.

Hochhalter, believing that his employees were covered, informed Vogel that workers' compensation would cover her medical bills and lost time. Vogel submitted certain medical bills to Hochhalter, which he submitted to his insurance agent, Farmers Union Insurance Agency (Farmers). Farmers, in turn, submitted the bills to Employers Reinsurance Corporation, its errors and omissions insurer (Employers Reinsurance). Employers Reinsurance paid several medical bills and issued a draft for disability benefits but Vogel's attorney returned it.

Vogel commenced this lawsuit against Hochhalter in district court as an election of remedies under Minnesota's Workers' Compensation Act, Minn.Stat. § 176.031 (1992). Hochhalter moved for summary judgment, contending that Vogel's exclusive remedy was workers' compensation. Vogel argued that Hochhalter was uninsured under the Act, entitling her to elect a direct Action against Hochhalter. The district court concluded that election of remedies was unavailable where the employer believed he was covered, his insurance agent negligently failed to obtain the coverage, and the agent's

inadvertence was covered by an errors and omissions carrier.

## ISSUE

May an injured employee elect a remedy under Minnesota's Workers' Compensation Act when the employer was not insured at the time of the accident due to an insurance agent's negligence and the agent's errors and omissions carrier willingly paid workers' compensation benefits to the employee?

## ANALYSIS

This appeal from the district court's award of summary judgment does not raise any issues of fact. The parties dispute only whether Hochhalter failed to insure his employees as required under section 176.031 of the Minnesota Workers' Compensation Act. Therefore, this court must determine whether the district court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

The basic duty imposed by Minnesota's workers' compensation system is that "[e]very employer * * * shall insure payment of compensation with some insurance carrier authorized to insure workers' compensation liability in this state."[1] Minn.Stat. § 176.-181, subd. 2(1) (1992). Enforcement of the duty is relegated to the commissioner, who may order payment of up to $1,000 per employee per week that the employer fails to insure. *Id.,* subd. 3.[2] Failure to insure has an additional consequence: it entitles an injured employee to elect either to claim compensation under the statute or to maintain an action in the courts for damages. Minn.Stat. § 176.031 (1992) (exclusive remedy).

This appeal presents a case of first impression in Minnesota. The specific issue is whether an employer's application for coverage and an errors and omissions carrier's payment of benefits constitutes compliance with the statute. Vogel urges this court to construe the statute strictly to require the employer to obtain workers' compensation coverage. She contends that, absent a workers' compensation policy on the date of the injury, she is entitled to elect the district court action as a remedy. Hochhalter argues that his application for coverage and the errors and omissions carrier's payment of benefits pursuant to the Workers' Compensation Act constitute compliance limiting Vogel's remedy to workers' compensation.

■ Allowing an action in the courts is precisely what the workers' compensation system sought to discourage. In the express words of the legislature, "[t]he workers' compensation system in Minnesota is based on a mutual renunciation of common law rights and defenses by employers and employees alike." Minn.Stat. § 176.001 (1992). "The certainty of benefits, the act presupposes, is to be preferred to the remedies afforded servants against their masters at common law." *Lauer v. Tri–Mont Coop. Creamery,* 287 Minn. 221, 225, 178 N.W.2d 248, 251 (1970). The system's aim is to provide adequate and prompt relief to the injured employee. Minn.Stat. § 176.001; *see also Olsen v. Kling,* 363 N.W.2d 310, 313–14 (Minn. 1985). This requires insurers, in turn, to fulfill the compensation obligations incurred by insured employers. *See Lauer,* 287 Minn. at 226, 178 N.W.2d at 252 (insurer liable to dissolved employer).

The system worked in this case. Hochhalter fulfilled the duty imposed on employers by the Workers' Compensation Act. *See, e.g., Brown v. L.A. Wells Constr. Co.,* 45 Ohio Law Abs. 300, 67 N.E.2d 110, 113 (Ohio Ct.App.1943) (error in accounting would not defeat coverage where employer applied for coverage and paid premium), *aff'd,* 143 Ohio St. 580, 56 N.E.2d 451 (1944). He applied for workers' compensation insurance through his agent. The insurance agent also complied with the requirements of the Act.[3]

---

1. Self-insurance is also allowed under the Act, Minn.Stat. § 176.181, subd. 2 (1992), but is not at issue in this case.

2. This civil penalty does not have an intent requirement. Under another subdivision, willful and intentional failure to insure constitutes a gross misdemeanor. Minn.Stat. § 176.181, subd. 4 (1992).

3. The record reflects no dispute between Hochhalter or the insurers regarding liability to pay the benefits. *Cf. Olsen v. Kling,* 363 N.W.2d 310, 313 (Minn.1985) (special fund available to pay benefits promptly where dispute arises).

Upon discovery that Hochhalter's workers' compensation policy had not issued due to the agent's error, the agent immediately obtained substitute coverage through his errors and omissions carrier. *See Smith v. Michigan State Accident Fund,* 403 Mich. 201, 267 N.W.2d 909, 911 (1978) (agent cannot deny coverage where lack of coverage is agent's fault). That coverage was the equivalent of coverage under a workers' compensation policy.[4]

While we recognize that other jurisdictions may reach a contrary conclusion, we are compelled to interpret the Act according to the announced purpose of the legislature. *Erickson v. King,* 218 Minn. 98, 106, 15 N.W.2d 201, 205 (1944). Acceptance of Vogel's technical interpretation of the Act would not be true to the policy underlying Minnesota's workers' compensation system. It fails to recognize Hochhalter's affirmative act of applying for workers' compensation coverage, and Vogel's prompt receipt of workers' compensation benefits from Employers Reinsurance.

## DECISION

Minnesota's Workers' Compensation Act provides the exclusive remedy where the employer applies for workers' compensation coverage, the agent neglects to obtain the policy, and the agent's errors and omissions carrier promptly pays workers' compensation benefits to the injured employee. The district court correctly entered summary judgment for the employer.

Affirmed.

4. *Contra Rex Truck Lines, Inc. v. Shaw,* 455 P.2d 297, 301 (Okla.1969) (errors and omissions coverage was not workers' compensation coverage). *See generally* 2A Arthur Larson, *The Law of Workmen's Compensation* § 67.22, at 12–136 (1993)
("[C]ourts are inclined to give benefit of the doubt to an employer who has in substance if not in form provided the secured protection contemplated by the Act.").